**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

AHMED MOHAMMED,

      PLAINTIFF,

  **v.**

CKS PRIME INVESTMENTS, LLC

      DEFENDANT.

Case No.:

## COMPLAINT

Plaintiff, Ahmed Mohammed, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), the Illinois Collection Agency Act, 225 ILCS 425/1 *et seq*. ("ICAA") and the Illinois Consumer Fraud Act, 815 ILCS 505/1 et. seq. ("ICFA"), for a finding that Defendant's actions violated Plaintiff's legal rights, and to recover damages for Defendant's violations thereof, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. §§ 1331 and 1337.

2. Venue is proper in this District because parts of the acts and transactions occurred here, and the Defendant transacts substantial business here.

## STANDING

3. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

1

4. Specifically, Plaintiff suffered a concrete injury due to Defendant's false reporting of his credit information.

5. Defendant communicated false information, namely, that the debt was not disputed when it was in fact disputed, to a third party, in this case a consumer reporting agency.

6. This false communication is analogous to defamation, a tort under common law.

7. By communicating false and inaccurate information regarding Plaintiff and his credit to third parties, Defendant defamed Plaintiff's creditworthiness. *See Ewing, Webster v. Med-1 Solutions, LLC*, Nos. 21-1276 and 21-1299, at pg. 13 (7th Cir., Feb. 2, 2022) (A violation of 15 U.S.C. § 1692e(8) "is related closely to the harm caused by defamation. Reputational harm of this sort is a real-world injury; being portrayed as a deadbeat who does not pay his debts has real-world consequences.").

8. Plaintiff has thus suffered an injury because of Defendant's conduct, giving rise to standing before this Court. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, at 2204 (2021) (A court may look at whether there is "a close historical or common-law analogue" to the alleged injury, when determining Article III standing, but the analogue must only be similar, not exact). *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

**PARTIES**

9. Plaintiff is a resident of the State of Illinois, from whom the Defendant attempted

2

to collect a delinquent consumer debt it alleged had been owed to Genesis FS Card Services, Inc. Plaintiff is thus a consumer as that term is defined by 15 U.S.C. § 1692a(3) of the FDCPA.

10. Defendant, CKS Prime Investments, LLC ("CKS") is a Virginia based limited liability company that operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois, and is licensed to operate in the state of Illinois.

11. Defendant CKS acts as a debt collector as defined by § 1692a(6) of the FDCPA because it uses the instrumentalities of interstate commerce including the telephone and/or the mails in its business, the principal purpose of which is the collection of defaulted consumer debts.

## FACTUAL ALLEGATIONS

12. According to the Defendant, Plaintiff incurred a debt for the purchase of goods or services used for personal, family, or household purposes, originally to Genesis FS Card Services. ("alleged debt"). The alleged debt is thus a debt as that term is defined by § 1692a(5) of the FDCPA.

13. The alleged Account is thus a "debt" as that term is defined by § 1692a(5) of the FDCPA.

14. Defendant claims that Plaintiff failed to make payments and the alleged account was charged off by the original creditor.

15. Defendant claims that the original creditor sold, transferred or assigned the alleged debt to it for collections.

16. Defendant subsequently began efforts to collect the Account.

17. In response to collection attempts by Defendant, Plaintiff consulted with the attorneys at Chicago Consumer Law Center, P.C., who, on February 16, 2022, sent a letter via

USPS Certified Mail to the Defendant, indicating that Plaintiff disputed the Account. (Exhibit A, Dispute Letter).

18. The Defendant received Plaintiff's dispute shortly thereafter.

19. Plaintiff's letter stated, in part, that the amount reported is not accurate.

20. A statement that "the amount reported is not accurate" evinces the intention to dispute the validity of at least a portion of the purported debt. *Evans*, 889 F.3d at 377. "There is simply no other way to interpret this language." *Id.*

21. Thereafter, on April 20, 2022, Defendant communicated credit information regarding the Account to the TransUnion consumer reporting agency, including the balance, an account number, and the date reported. (Exhibit B, Redacted Excerpt from Plaintiff's TransUnion Report).

22. Defendant failed to communicate that Plaintiff's Account was disputed when it communicated other information to TransUnion regarding the Account.

23. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

24. Defendant failed to communicate a dispute to the TransUnion credit reporting agency, in violation of 15 U.S.C. § 1692e(8), when it knew or should have known about the dispute and communicated other information regarding the Account to the credit reporting agency.

25. Credit reporting by a debt collector constitutes an attempt to collect a debt. *E.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

26. Defendant's false credit reporting defamed Plaintiff's credit reputation and adversely impacted Plaintiff's credit reputation.

27. Plaintiff's credit report, which contains the false credit information submitted by Defendant, has been accessed at least once since the dispute was made, by a third party.

28. A debt reported with no dispute results in a much lower credit score than a report of both the debt and the dispute. *Saunders v. Branch Banking and Trust Co. of VA*, 526 F. 3d 142, 146-47 (4th Cir. 2008).

<u>**COUNT I- FAIR DEBT COLLECTION PRACTICES ACT**</u>

29. Plaintiff re-alleges the paragraphs above as if set forth fully in this count.

30. Even though Defendant knew or should have known that Plaintiff disputed owing the alleged debt, Defendant communicated credit information about Plaintiff to the TransUnion consumer reporting agency, while omitting the fact that Plaintiff disputed that alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(8).

31. Because of the Defendant's violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorney fees.

<u>**COUNT II-ILLINOIS COLLECTION AGENCY ACT**</u>

32. Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs.

33. Defendant communicated false and inaccurate credit information about Plaintiff in an attempt to force Plaintiff to pay a disputed debt, in violation of 225 ILCS 425/9(a)(22) and 225

5

ILCS 425/9(a)(35) of the Illinois Collection Agency Act.

34. Plaintiff was damaged by Defendant's illegal actions due to credit defamation and failing to report that the alleged debt was disputed.

## COUNT III-ILLINOIS CONSUMER FRAUD ACT

35. Plaintiff re-alleges the paragraphs above as if set forth fully in this count.

36. Section 2 of ICFA prohibits unfair or deceptive acts or practices and states, in relevant part, as follows:

> **Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of such material fact, or the use or employment of any practice described in section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.**

37. Defendant violated Section 2 of ICFA by engaging in unfair acts in the course of conduct involving trade or commerce when dealing with Plaintiff.

38. Specifically, it was an unfair act and practice to communicate credit information about Plaintiff that was false, since Defendant communicated to consumer reporting bureaus that Plaintiff did not dispute the alleged debt, when he had in fact disputed it.

39. Defendant's conduct offends public policy as it demonstrates a practice of unfair and deceptive debt collection from consumers by communicating false information about their debts in an attempt to force them to pay the disputed debt.

40. An award of punitive damages is appropriate because Defendant's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of the Plaintiff and consumers, generally, and Plaintiff had no choice but to submit to Defendant's illegal conduct

41.     Plaintiff was damaged by Defendant because false credit information naturally lowers Plaintiff's credit rating. *See Evans v. Portfolio Recovery Associates, LLC*, 889 F.3d 337, 349 (7th Cir. 2018). ("Put simply, the failure to inform a credit reporting agency that the debtor disputed his or her debt will always have influence on the debtor, as this information will be used to determine the debtor's credit score.").

42.     Plaintiff has been forced to retain counsel to bring action against Defendant in an attempt to remediate and correct Defendant's false and inaccurate credit reporting.

WHEREFORE, Plaintiff asks that the Court enter judgment in their favor and against Defendant as follows:

A. Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

D. Compensatory damages, punitive damages and attorney's fees and costs of this action as allowed under the Illinois Collection Agency Act;

E. Compensatory damages, punitive damages and attorney's fees and costs of this action as allowed under the Illinois Consumer Fraud Act;

F. Injunctive relief against Defendant; and

G. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

By:     /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

7

Bryan Paul Thompson
Robert W. Harrer
CHICAGO CONSUMER LAW CENTER, P.C.
33 N. Dearborn St., Suite 400
Chicago, Illinois 60602
Tel. 312-858-3239
Fax 312-610-5646
bryan.thompson@cclc-law.com
rob.harrer@cclc-law.com

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them.

These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys